COLE, Judge.
After a thorough review and evaluation of the record, we are convinced the trial court’s conclusion is supported by the facts (as stipulated to by the parties) and by the applicable law. We therefore affirm at appellant’s cost and adopt the appended reasons assigned by the trial judge as our own.
AFFIRMED.
*998 APPENDIX
EZRA SAWYER : NUMBER 230,974, DIVISION F
VERSUS : 19TH JUDICIAL DISTRICT COURT
STATE OF LOUISIANA, THROUGH : PARISH OF EAST BATON ROUGE LOUISIANA STATE EMPLOYEES’
RETIREMENT SYSTEM : STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
Ezra Sawyer instituted this suit to collect State retirement benefits for a twelve-year period prior to 1947 from the Louisiana State Employees’ Retirement System, hereafter referred to as LASER. Counsel for the parties stipulated to the facts, and this matter was taken under advisement to determine the plaintiff’s legal entitlement to benefits under the statutes.
In September, 1935, the plaintiff began working for the State at Northwestern State College, now known as Northwestern State University. While he was employed in this position, the legislature enacted a retirement program known as the “Louisiana State Employee’s Retirement System.” La.R.S. 42:541, et seq., Acts 1946, No. 126. This act provided that all employees in State service on June 30, 1947, had the option of whether or not to join this system. The plaintiff elected not to become a member and filed the appropriate declaration waiving all present and prospective benefits. On June 30, 1953, the plaintiff terminated his employment with the State. However, on January 22, 1954, the plaintiff was reemployed by the State at the same university. Because membership in LASER was mandatory for persons in the plaintiff’s position at that time, the plaintiff became a member upon reemployment and contributed to the system until his retirement on April 1, 1978. The plaintiff is receiving social security benefits and retirement benefits based on his employment since 1954.
The plaintiff now is seeking to recover benefits for services he rendered between 1935 and 1947. He does not claim any benefits for the period of 1947 through 1953 when he elected to remain off of the system. The plaintiff claims that he is entitled to be credited for these early years of employment according to the provisions in Louisiana Revised Statute 42:562. This statute provides:
§ 562. State service for which credit has not been received.
A. Any member shall be entitled to receive credit for any full-time state service for which no social security was paid, and for which the member has not received credit, except for service specifically excluded in this section. Credit shall not be allowable for employment where per diem allowances were paid in lieu of earned compensation, except for legislative service; for part-time, intermittent, emergency, contractual or job appointment employment; employment as patient or inmate help in a state charitable, penal or correctional institution; employment as a student, medical intern or resident physician; employment as a teacher in an educational institution of this state; employment while a member of any other retirement system established by law, and employment with any state agency or governing body whose employees are not contributing members of this retirement system.
B. The appointing authority or personnel officer of the agency wherein the service was performed must certify the inclusive dates of employment, the salary earned by the member during these inclusive dates, that this was full-time state service for which no social security was paid, and that this service was not performed under any category of employment where credit is prohibited in this section, or the member shall submit such other evidence in lieu thereof as shall be requested by the board.
C. Creditable full-time state service may be purchased, at the option of the *999 member, by paying the employee and employer contributions, at the current rate, based on the member’s state salary at the time the service was performed, plus five percent compound interest per year from date of service until paid. No credit shall be given until and unless both the employee and employer portions, plus interest, are paid in full.
The plaintiff argues that credit for these years is mandatory since the statute states “any member shall be entitled to receive credit for any full-time state service for which no social security was paid, and for which the member has not received credit, except for service specifically excluded in this section. . . . ” The facts indicate that the plaintiff did not pay social security for this period of time since it was not required, nor did the plaintiff receive credit for his employment prior to 1954.
The defendant contends that this statute is not applicable in the present case, since the plaintiff was not a “member” of LASER at the time he applied for the credit. In the first alternative, the defendant argues that the statute only grants credit when it is purchased. Secondly, the defendant alleges that the plaintiff waived all claims when he waived his benefits in 1947.
In order to determine whether the plaintiff is entitled to be credited for the years 1936 through 1947, it is necessary to consider the reason and spirit of Louisiana Revised Statute 42:562 as well as its context, since the application of this statute appears to be uncertain. Civ.Code Arts. 16 and 18. Because there is no jurisprudence interpreting this legislation, an analysis of the evolution of this act gives a good insight on the legislature’s intent when it enacted Louisiana Revised Statute 42:562 by Acts 1976, No. 240.
LASER was enacted by Acts 1946, No. 126, and has been amended several times. When LASER was originally passed in 1946, it provided that all persons employed by the State on June 30, 1947, should become members of the system unless they filed a declaration waiving all present and prospective benefits. La.R.S. 42:551 (1946). The plaintiff elected to forego his benefits. When the plaintiff was reemployed in 1954, he was obligated to become a member of the system, since La.R.S. 42:551[1] required all persons becoming employees after 1947 and who had no prior creditable service to join.
When the plaintiff joined LASER in 1954, he was entitled to receive all benefits that the legislature allowed. Unfortunately, when he joined in 1954, La.R.S. 42:571[2] only allowed credit for services rendered prior to 1947 to those members who joined prior to July 1, 1953. However, in 1964, *1000 La.R.S. 42:571.2 was added. This statute allowed those persons who never obtained credit for services rendered prior to the date the retirement system was established to obtain credit for such service if the member elected to do so prior to his retirement. This statute was repealed in 1972 when the legislature amended and re-enacted Parts I through IV of Chapter 10 of Title 42, which includes the statute in question. However, the plaintiff had the opportunity to receive credit for his early services while La.R.S. 42:571.2 was in effect, but he failed to avail himself of this option.
At the time the legislature amended Parts I through IV, La.R.S. 42:562 was included. The source of this statute was Louisiana Revised Statute 42:571 as amended by Acts 1971, No. 165. The original enactment of Louisiana Revised Statute 42:571 was repealed in 1966. In 1976, Louisiana Revised Statute 42:562 was amended to its present form. These three statutes read essentially the same except for Subsection (C). In the 1971 and 1972 forms, Subsection (C) specifically related to purchasing full-time credit for services performed after 'July 1, 1947, whereas no date is mentioned in the present statute.
Once the legislature repealed Louisiana Revised Statute 42:571.2 and enacted Louisiana Revised Statute 42:562, the plaintiff’s rights became subject to this new legislation. The benefits provided under Louisiana Revised Statute 42:571.2 did not inure to the plaintiff, since he never availed himself of these benefits.
Louisiana Revised Statute 42:562(A) provides that “any member shall be entitled to receive credit. . .” (emphasis added). A member is defined as “any person included in the membership of the system.” La.R.S. 42:543(17). “Membership in the system ceases when a member withdraws his accumulated contributions, or when a member withdraws from active service with a retirement allowance, or when a member dies.” La.R.S. 42:556. In the present case, Mr. Sawyer retired on April 1, 1978, and he is receiving retirement benefits. Louisiana Revised Statute 42:562 is similar to the previous statute, Louisiana Revised Statute 42:571.2, since both statutes require a state employee to obtain credit for early service prior to retirement.
The plaintiff did not make an application to LASER for credit for the years he worked prior to 1947. Because the plaintiff did not apply for credit prior to his retirement, he cannot later do so since he is no longer a member of the system. Therefore, plaintiff’s suit is dismissed at his cost.
Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 13th day of June, 1980.
(s) Lewis S. Doherty. Ill LEWIS S. DOHERTY, III, JUDGE
Division “F”
19th Judicial District Court

. Prior to the 1958 amendment, this section read as follows: “All persons who become employees in the state service after June 30, 1947, and who have had no prior state service for which credit is allowable under this Chapter, except those specifically excluded or as to whom election is provided in this Chapter, shall become members of the system as a condition of their employment, provided these persons are under the age of sixty years at the time of employment.”

. “Acts 1952, No. 326 amended this section to read as follows: ‘Under such rules and regulations as the Board of Trustees shall adopt each person who becomes a member of this retirement system as provided in Part II of this Chapter, prior to August 10, 1952, shall receive credit for all State service rendered prior to July 1, 1947. To receive such credit, such member shall file a detailed statement of all services as an employee rendered by him in the State service prior to July 1, 1947; provided, however, that in respect of all employees of the State of Louisiana, as defined in R.S. 42:543, presently in the service of the state, including those presently or formerly employed in the Drivers License Division of the Department of Public Safety of the State of Louisiana who were prior to their present employment employed in the Drivers License Division of the Department of Public Safety or its equivalent in any City of the State having a population of more than 300,000 inhabitants as of the U.S. Census of 1950 and in addition who were prior to their present employment employed in any Department of Public Works of (sic) its equivalent in any city of the State having a population of more than 300,000 inhabitants as of the U.S. Census of 1950; such employee shall be entitled to prior service credit for such time so served, and in computing his retirement rights under this or other sections of the 1950 Louisiana Revised Statutes such employees shall be given full credit for time so served just as if he had been employed by the State of Louisiana during the said time so served; and in the case *1000 of employees now on pension, this provision shall be made retroactive to the date of beginning of said pension.’
Acts 1952, No. 364 cut this section to one sentence which read as follows: ‘Under such rules and regulations as the board of trustees shall adopt, each person who becomes a member of this retirement system, as provided in Part 11(2) of this Chapter, prior to July 1, 1953, shall receive credit for all state service rendered prior to July 1, 1947.’ ”