LEMMON, Justice.
This is a suit to require the Louisiana State Employees’ Retirement System (LASER) to award plaintiff, a retired state employee, credit for 12 years of additional state service and to increase his retirement benefits accordingly.
Plaintiff, a janitorial worker at a state college, retired from employment on April 1, 1978, having been employed there since 1935, except for a six-month period in 1953.
During plaintiff’s tenure as a state employee the Louisiana State Employees’ Retirement System was created by Acts 1946, No. 126, effective June 30, 1947. Persons in state employment at that time were given the choice whether or not to join the then-voluntary system. Those who joined received credit without cost for their service prior to the effective date of the system. Plaintiff chose not to join at the time and was not a member of the system when he left state employment in 1953. However, when he returned to state employment in January, 1954, membership in LASER was mandatory, and plaintiff became a member.
When plaintiff filed an application for benefits preparatory to retirement, he was entitled under 1972 legislation to credit for *1233 the period between 1935 and 1947, during which he was a state employee and the system was not in effect, but he did not specifically request this credit. Shortly after his retirement plaintiff discovered he had not been given credit for the 12-year period and requested the additional benefits. When defendant refused to increase the amount of benefits, plaintiff instituted this action.
The trial court dismissed the suit, holding that plaintiff, now retired, was no longer a “member” of the system and was therefore prohibited from applying for the additional credit. The court of appeal affirmed. 401 So.2d 997 (La.App.). We granted certiorari to review the judgments of the lower courts. 402 So.2d 698 (La.).
When LASER was established in 1946 and plaintiff elected not to join, he expressly waived the benefits of credit for prior service that had been accorded those who joined within a specified period. However, the Legislature from time to time reextend-ed the right to receive credit for service prior to 1947.[1] In 1964 the Legislature by Act 451 adopted R.S. 42:571.2, which provided that a present or future member may obtain credit for service prior to LASER’S establishment “if he elects to do so prior to the date of retirement”. Plaintiff made no such application prior to the 1972 repeal of the statute.
Also in 1972 the Legislature adopted R.S. 42:562(A), which plaintiff now relies on as the basis for his claim. Section 562(A) provides in pertinent part:
“A. Any member shall be entitled to receive credit for any full-time state service for which no social security was paid, and for which the member has not received credit, except for service specifically excluded in this section.”
Emphasizing the phrase “any member”, LASER points out that plaintiff did not make a claim while he was a member and argues that his membership was terminated when he retired without ever making the claim. LASER therefore contends plaintiff is no longer eligible to assert the claim.
Arguably, when plaintiff applied for retirement benefits prior to his retirement, he implicitly sought all benefits due him under the law. Nevertheless, Section 562(A) clearly entitled any member (obviously referring to the time of enactment)[2] to receive credit for state service prior to 1947 (with exceptions not here applicable).[3] Unlike Section 571.1, which was repealed when Section 562(A) was adopted, Section 562(A) does not contain any language which even suggests that a member might be required to elect to receive credit prior to his retirement.
We decline to require such an election, when Section 562(A) specifically grants the entitlement without condition or qualification. Further, Section 562(A), again unlike some previous statutes granting entitlement to credit for prior service, did not specify any time limitation for exercising the right “to receive” which was granted by the statute.
LASER concedes plaintiff would have received credit for prior service if he had claimed this credit when he applied for benefits preparatory to retirement. LASER apparently fears that many long-retired former members will come forward and claim credit for prior service.[4] The credit is for service prior to 1947 (when LASER was established), and Section 562(A) awarded *1234 the right to receive that credit only to persons who were members in 1972. If that legislative award poses a real threat to the retirement system, then the proper remedy is by legislative action eliminating the right or limiting the time for exercising the right. But since the 1972 legislation contained no such special conditions or limitations, we hold that plaintiff is entitled to the credit claimed pursuant to that legislation.
For these reasons the judgments of the lower courts are reversed, and it is now ordered that plaintiff be awarded credit for service from 1935 to 1947 and that his retirement benefits be increased accordingly, effective from the date of his retirement.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents being of the opinion that the trial judge opinion is correct.

. For example, by Acts 1952, No. 364, persons were given credit for all state service prior to 1947, if they joined before July 1, 1953. However, when plaintiff rejoined state service in 1954, he was not then eligible for credit for service prior to 1947, because of the express limitation in Act 364.

. Section 571.2 had specified “each person who is now or hereafter becomes a member.”

. It is significant to note that plaintiffs claim does not include credit for the period between 1947 and 1954, when he voluntarily stayed out of the system.

. LASER also expressed fear that World War II and Korean veterans will also belatedly claim benefits awarded by special legislation to those veterans, but those legislative acts expressly limited the time within which to claim the benefits.